PROB12C (11/25)

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF WISCONSIN
### PETITION FOR WARRANT FOR PERSON UNDER SUPERVISION

**Person Under Supervision:** Michael A Yaker
Whereabouts Unknown

**Case Number:** 22-cr-128-jdp-1

EDCA CASE NO.: 5:26-mj-00005-CDB

**Name of Sentencing Judicial Officer:** Honorable James D. Peterson

**Date of Original Sentence:** June 29, 2023

**Offense:** Interstate Communications-Threats, in violation of 18 U.S.C. § 875(c), a Class D felony

**Original Sentence:** 12-months and 1-day of imprisonment, to be followed by a 3-year term of supervised release

**Type of Supervision:** Supervised release     **Date Supervision Commenced:** September 14, 2023

**Assistant U.S. Attorney:** Elizabeth Altman     **Defense Attorney:** To be appointed

## PETITIONING THE COURT `

☒ To issue a warrant.

The probation officer alleges that Michael A. Yaker has violated the following conditions of supervision:

| **Violation** | **Nature of Noncompliance** |
|---|---|
| Standard Condition No. 1: | "Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or the probation officer." |
| | On December 15, 2025, after multiple attempts to contact Mr. Yaker via telephone were unsuccessful, the supervising probation officer sent Mr. Yaker a text message instructing him to report for an office contact the next day. On December 16, 2025, Mr. Yaker responded via a text message stating he was in California "working hard." He further stated he had to retrieve his motorcycle in Oregon as it broke down during the summer. Mr. Yaker later called, sounding upset from his tone of voice, and he stated he does not like it when the probation office contacts him. Mr. Yaker questioned his instant offense of conviction, stating there was no jury trial and that the legal system is a failure. Mr. Yaker then stated he has so much rage and does not like living in Wisconsin. During the telephone call, Mr. Yaker refused to identify himself as "Michael Yaker" and stated his name is "Bad Axe" and that he is sovereign and not a member of the society. Mr. Yaker eventually hung up the phone without allowing much conversation. |
| | On December 19, 2025, telephone contact was made again with Mr. Yaker, and he still sounded angry observed by the volume and tone of his voice. He referred to himself as "Chief Bad Axe" and that he was no longer "Michael Yaker." Mr. Yaker |

was asked for his whereabouts, and he initially refused to divulge his location stating the United States does not exist. Mr. Yaker then reported to be in "Turtle Island." Eventually Mr. Yaker stated he was in "Standing Rock" South Dakota. Mr. Yaker was not given permission to leave the supervising judicial district to either California, Oregon, or South Dakota.

Standard Condition No. 2: "Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent."

On December 19, 2025, during a telephone call with Mr. Yaker, he was instructed to report for an office contact on December 29, 2025, at 10:00 a.m. Mr. Yaker failed to report as instructed and has not contacted the probation office since. Mr. Yaker was last seen by the probation office on October 23, 2025. His whereabouts and activities are unknown as of this writing.

**Adjustment to Supervision:** On December 15, 2025, the probation office attempted to contact Mr. Yaker via telephone after receiving calls from investigators with the Dane County, Wisconsin, District Attorney's Office and Dane County Sheriff's Office reporting that Mr. Yaker had made some comments on their Facebook pages. During a recent telephone call with Mr. Yaker, he voluntarily divulged to having made comments as reported but stated they were not criminal and he has since removed them. Mr. Yaker's current conduct is somewhat similar to his instant offense of conviction where he threatened to harm his victims via Facebook posts. Additionally, his tone during the recent telephone calls, voicemails, text messages, and emails resemble his state of aggression at the time of his instant offense.

On December 17, 2025, Mr. Yaker's name was run by the Terrorist Interdiction Unit, Intelligence Division of New York City, New York, Police Department. While following up on this query it was learned that there are four defendants, who were recently arrested for a terror plot, who are purported members of the Turtle Island Liberation Front (TILF), an anti-government, anti-capitalist group that plotted to bomb U.S. companies on New Year's Eve. While an investigator was searching for open sources of avenues to identify potential unidentified members, he came across an Instagram post on "TurtleIslandLiberationOrganize" with a post on August 30, 2022, of a motorcycle with a license plate tied to Mr. Yaker. The investigator noted that, although the page was extremely similar in name to TILF, the overall theme seems at face value to be unrelated and appears Mr. Yaker was using the term in the indigenous context, which was not a concern to them.

Aside from the above-cited violations and concerns, Mr. Yaker has been compliant for the most part. He has completed a substance abuse treatment assessment with no treatment recommended and also completed a mental health assessment with no follow up counseling.

**Probation Officer's Recommendation:** It is respectfully recommended that a warrant be issued for Michael Yaker to return him to court for a judicial review hearing.

Assistant U.S. Attorney Elizabeth Altman has been notified of this filling and the probation office's recommendation.

**Penalties:** Pursuant to 18 U.S.C. § 3583(e)(3), if the term of supervised release is revoked, the statutory maximum term of imprisonment is two years because the offense of conviction is a Class D felony.

The most serious alleged violation in this case is classified as a Grade C violation, pursuant to USSG §7C1.1(a)(3). A Grade C violation coupled with Criminal History Category III results in an advisory guideline range of imprisonment of 5 to 11 months, if the term of supervised release is revoked pursuant to USSG §7C1.5.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(b)(2).

**Standard Conditions**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on June 29, 2023, were reasonably related to the offense of conviction, as well as the personal history and characteristics of the defendant.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §§5B1.3(b)(1)(A), (C), (D), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |

| | | |
|---|---|---|
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(B),(C), (D), (E), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence-based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C), and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(C), (D), (E), and (b)(2);<br>USSG §§5D1.3(b)(1)(A)(ii), (iii), (iv), and (b)(1)(B). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16), and (19);<br>18 U.S.C. § 3603(2), (3), (4), and (7);<br>USSG §§5B1.3(b)(1)(D) and (b)(2); USSG §§5D1.3(b)(1)(A)(iii). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence-based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3);<br>USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence-based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use, or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence-based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §§5B1.3(b)(1)(B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(ii), (iii), and (b)(1)(B). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 9) | **Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |

| | | |
|---|---|---|
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence-based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17), and (18); 18 U.S.C. § 3603(2), (3), (4), and (7); USSG §§5B1.3(b)(1)(A), (B), (C), (D), and (b)(2); USSG §§5D1.3(b)(1)(A)(i), (ii), (iii), and (b)(1)(B). |
| 11) | **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §5B1.3(c)(1); USSG §5D1.3(b)(2)(A). |
| 12) | **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG §5B1.3(c)(10), USSG §5D1.3(b)(2)(J); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

## Special Conditions

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 13) **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Recommended based on the need to monitor defendant's ability to support himself through legitimate means and to assess his ability to contribute to the costs of treatment services. |
| 14) **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to** | Recommended to protect the community and safety of the supervising U.S. Probation Officer assigned to the case. |

| | | |
|---|---|---|
| | submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | |
| 15) | Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Recommended based off defendant's diagnoses and reported mental health concerns. |
| 16) | Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | Recommended based off defendant's substance abuse history. |
| 17) | Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. Probation Officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment. | Recommended based off the conduct of the offense of conviction. |
| 18) | Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with | Based on the defendant's offense of conviction. |

| | |
|---|---|
| unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. | |

**Mandatory Conditions - 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. § 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if this requirement has not been met.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 9, 2026

/s/

Yang D. Moua
U.S. Probation Officer

**THE COURT ORDERS:**
☒ The issuance of a warrant. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST, WITH THE EXCEPTION THAT IT MAY BE DISSEMINATED TO LAW ENFORCEMENT.
☐ The issuance of a summons.
☒ The appointment of counsel upon arrest, if defendant is indigent.
☒ The probation office is authorized to release to the parties drug test results or other evidence that the probation office has obtained to support the basis for the alleged violations in this case.
☐ Other:

Honorable James D. Peterson
U.S. District Judge

JANUARY 9, 2026
Date